Dear Mr. Busby:
You have requested an opinion from this office on whether the Sabine Parish Police Jury may legally work on and maintain approximately 6/10 mile of the Self Cemetery Road. The portion of the road to be maintained is between a locked gate at Hodges Gardens and the Self Cemetery. Based upon the facts as stated below is it the opinion of this office that the police jury may legally work on and maintain the approximately 6/10 mile of the road between Hodges Gardens and Self Cemetery if the public has access to that part of the road.
From the information that you submitted the following situation exists. The Self Cemetery was established in 1870 as a public cemetery. It has been continuously maintained by the Self Cemetery Board of Governors. The public had access to the cemetery up until 1951. The last burial at the cemetery was April 8, 1951. According to Robert E. Plummer, First Assistant District Attorney there is no evidence to indicate that a right of way covering this road was ever dedicated or that is was maintained for three or more years by the police jury.
Sometime in 1951 construction of Hodges Gardens began, the owners of Hodges Gardens erected and locked gates across the road. Since 1951 no one has been allowed to use the road except with the permission of the owners of Hodges Gardens. They must unlock the gates before any one may cross to the cemetery. There is approximately 6/10 of a mile between the last locked gate of Hodges Gardens in the entrance to Self Cemetery. The owner of the property in which the 6/10 mile of roadway is located has given a maintenance authorization to the jury to do routine maintenance on the road. The police jury, however, cannot reach this portion of the roadway without going across the roadway through Hodges Gardens.
R.S. 48:491 B(1)(a) states:
"All roads and streets in this state which have been or hereafter are kept up, maintained, or work for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge by adjoining land owners exercising reasonable concern over there property."
Under the statute a police jury has the right to maintain a roadway if there is no objection by the owner of the property. If the police jury maintains the road for a period of three years then it becomes a public road. Therefore, it is the opinion of this office that there is no prohibition against the police jury maintaining the 6/10 of a mile in question as long as the public has access and use of that area as a road.
If I can be of any further assistance to you in this matter, please do not hesitate to call.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: J. MARVIN MONTGOMERY Assistant Attorney
JMM:rjh 0577p